**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

**FRED MOSER**
**Plaintiff,**

**CASE NO.: 18-CV-1884**

**v.**

**OSHKOSH CORPORATION HEALTH AND WELFARE PLAN,**

**OSHKOSH CORPORATION,**

**and**

**LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a CIGNA,**

**Defendants.**

---

# COMPLAINT

---

The Plaintiff, Fred Moser, by his attorneys, Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff, Fred Moser ("Plaintiff"), is an adult resident of the State of Wisconsin and currently resides in Waupaca County.

2. Defendant Oshkosh Corporation Health and Welfare Plan (the "Plan") is an employee welfare benefit plan sponsored and administered by Oshkosh Corporation. The Plan's registered agent for service of process is CT Corporation, 8040 Excelsior Drive, Suite 200, Madison, WI 53717 and the named recipient for

service of process on the Plan is The Administrative Committee of the Oshkosh Corporation and Affiliate Companies' Employee Benefit Plans addressed to 2307 Oregon St., P.O. Box 2566, Oshkosh, WI 54903-2566.

3. Defendant Oshkosh Corporation (the "Company") is the Plan's sponsor and administrator with a principal place of business located in Oshkosh, Wisconsin. Oshkosh Corporation's agent for service of process in the State of Wisconsin is CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703-3691.

4. Defendant Life Insurance Company of North America d/b/a Cigna ("Cigna") is a foreign corporation with a principal place of business in Philadelphia, Pennsylvania. Cigna's registered agent for service of process in Wisconsin is CT Corporation System located at 301 S. Bedford St., Suite 1, Madison, WI 53703.

## JURISDICTION AND VENUE

5. As described more fully below, this is an action brought in part by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.

8. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Wisconsin.

9. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

10. At all times material to this Complaint, Plaintiff was employed by the Company.

11. As an employee of the Company, Plaintiff was eligible for certain employee benefits, including short-term disability insurance ("STDI") and long-term disability insurance ("LTDI") benefits, through the Plan at all times material to this Complaint.

12. The Plan's STDI benefits are funded by the Company and paid out of the Company's general assets.

13. The Plan's LTDI benefits are fully-insured and paid by Cigna.

14. The Plan purports to provide weekly STDI benefits as well as monthly LTDI benefits to eligible employees who become disabled by paying said disabled employees a percentage of their pre-disability monthly earnings.

15. The Plan's STDI benefit provisions provide for payment of such benefits for a maximum period of 180 calendar days for each period of disability, measured from the date the disability begins.

16. The Plan's LTDI benefit provisions provide that an employee must satisfy an elimination period defined by the later of 180 days or the maximum period for STDI benefits before that employee is entitled to LTDI benefits under the Plan.

17. On or around March 30, 2017, Plaintiff's health conditions became so severe as to qualify him for STDI benefits under the Plan.

18. Plaintiff remained disabled as defined by the Plan's STDI and LTDI provisions from March 30, 2017 through approximately March 30, 2018.

19. As a result of his disabling health conditions, Plaintiff was entitled to STDI benefits under the Plan between March 30, 2017 and September 25, 2017 – with such benefits not being payable until April 6, 2017 on account of the Plan's STDI Provision's elimination period.

20. Between September 26, 2017 and approximately March 30, 2018, Plaintiff was entitled to LTDI benefits under the Plan due to his disabling health conditions.

21. Plaintiff applied and was approved for STDI benefits under the Plan between April 6, 2017 and May 30, 2017.

22. On July 18, 2017, Cigna – as the Plan's claims administrator – denied Plaintiff's claims for continued STDI benefits beyond May 30, 2017.

23. Plaintiff appealed Cigna's denial on August 29, 2017 and provided all required information in support of his claims at that time.

24. On October 24, 2017, Cigna denied Plaintiff's August 29, 2017 appeal of its July 18, 2017 denial decision.

25. On April 9, 2018, Plaintiff appealed Cigna's October 24, 2017 decision denying STDI benefits under the Plan beyond May 30, 2017 and again provided all required information in support of his claim.

26. On July 16, 2018, Cigna denied Plaintiff's April 9, 2018 appeal.

27. In its July 16, 2018 denial letter, Cigna indicated that Plaintiff had exhausted his administrative appeals under the Plan but did not specify the time limits applicable to Plaintiff's right to file a civil action Section 502(a) of ERISA.

28. As a result of his disabling medical conditions, Plaintiff was entitled to STDI benefits under the Plan between May 31, 2017 and September 25, 2017 payable by either the Plan and/or the Company.

29. As a result of his disabling medical conditions, Plaintiff was entitled to LTDI benefits under the Plan from September 26, 2017 through approximately March 30, 2018 payable by Cigna.

30. The Plan requires the exhaustion of STDI benefits prior to a disabled employee qualifying for LTDI benefits under the applicable provisions of the Plan.

31. The Plan's failure to pay Plaintiff's claim for STDI benefits between May 31, 2017 and September 25, 2017 precluded Plaintiff's claims for LTDI benefits under the Plan.

32. Cigna's dual roles as claims administrator for the STDI provisions of the Plan and insurer of the LTDI provisions of the Plan create a conflict of interest entitling Plaintiff to *de novo* review of his ERISA claims.

33. At all times material to this Complaint, Plaintiff was under the regular care and attendance of a physician and provided proof of total disability as required by the STDI and LTDI provisions of the Plan.

34. The Plan and the Company – by and through Cigna – conducted the investigation into Plaintiff's STDI claim in a way that prevented it from learning the true facts upon which the claims of Plaintiff were based, disregarded the opinions of qualified experts, and disregarded the information contained in Plaintiff's appeals to Defendant.

35. The Plan and the Company – through Cigna – denied processing payment of Plaintiff's STDI claims when they became due, pursuant to the terms of the Plan.

36. The Plan and the Company – through Cigna – lacked a reasonable basis for denying Plaintiff's STDI claims.

37. By and through its investigation into Plaintiff's STDI claim, Cigna acted in a way that that prevented Plaintiff from asserting his rights to LTDI benefits under the Plan.

38. The denial of Plaintiff's STDI claim and the foreclosure of his LTDI claim have caused him severe economic damage and emotional distress, all as a direct result of Defendants' handling of his claims.

## <u>FIRST CAUSE OF ACTION</u>:
## BREACH OF CONTRACT BY THE COMPANY AS TO PLAINTIFF'S STDI BENEFITS

39. As and for a first cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

40. At all times relevant to this matter, the Company contracted with Plaintiff to provide STDI benefits to Plaintiff under the Plan's STDI provisions as a term of Plaintiff's employment with the Company.

41. At all times between May 31, 2017 and September 25, 2017, Plaintiff was entitled to benefits under the STDI provisions of the Plan as an employee of the Company.

42. The Company – by and through its claims administrator, Cigna – breached its contract with Plaintiff by, among other things, failing to:

a. Take the necessary steps to ensure timely payment of benefits due between May 31, 2017 and September 25, 2017;

b. Pay covered losses;

c. Deal with Plaintiff in good faith; and

d. Honor other and further terms of the contract.

43. As a direct and proximate cause of the Company's breach through its agents, servants, and or employees, and as a corporate entity, Plaintiff suffered compensable injuries, in an amount to be determined by a jury.

## <u>SECOND CAUSE OF ACTION:</u>
## VIOLATION OF WIS. STATS. CH. 109 BY THE COMPANY AS TO PLAINTIFF'S STDI BENEFITS

44. As and for a second cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

45. The Company agreed to pay Plaintiff STDI disability benefits in the event of his disability under the Plan as a condition of his employment and as an established policy.

46. At all times relevant to this matter, the Company has been engaged in a business employing Plaintiff and numerous other employees in the State of Wisconsin.

47. At all times relevant to this matter, Plaintiff has been employed by the Company in the State of Wisconsin.

48. At no time relevant to this matter did the Company cease its agreement to pay disability benefits, including STDI benefits, to Plaintiff or its other employees under the Plan.

49. At all times between May 31, 2017 and September 25, 2017, Plaintiff was disabled and entitled to benefits under the Plan's STDI provisions.

50. The Company and the Plan's continued failure to pay Plaintiffs' STDI disability benefits under the Plan is willful, dilatory, and unjust violation of Wis. Stats. Ch. 109.

51. Pursuant to Wis. Stat. Section 109.03(6), Plaintiff is entitled to recovery of his attorneys' fees and costs incurred in this action.

52. Pursuant to Wis. Stat. Section 109.11(2)(a), Plaintiff is entitled to recovery of her unpaid benefits under the Plan plus civil penalties equal to fifty-percent of her unpaid benefits from the Company.

**<u>THIRD CAUSE OF ACTION:</u>**
**PUNITIVE DAMAGES PURSUANT TO WIS. STAT. § 895.043 AGAINST THE COMPANY**

53. As and for a third cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

54. The Company – by and through its agents, including Cigna – acted maliciously toward Plaintiff or in an intentional disregard of his rights when deciding his claims under the STDI provisions of the Plan, so as to subject the Company to liability for punitive damages.

**<u>FOURTH AND ALTERNATE CAUSE OF ACTION:</u>**
**VIOLATION OF ERISA § 502(a)(1)(B) BY THE PLAN AND THE COMPANY AS TO PLAINTIFF'S STDI BENEFITS**

55. To the extent that the STDI provisions of the Plan are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*., as and for a fourth and alternate cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs 1 through 38 above and further states:

56. During the course of Plaintiff's employment with the Company, Plaintiff became eligible for certain employee benefits, including STDI and LTDI benefits, under the Plan and provided by the Company.

57. On or around March 30, 2017, Plaintiff became disabled pursuant to the STDI provisions of the Plan.

58. Plaintiff remained disabled pursuant to the Plan's STDI provisions through September 25, 2017.

59. The Company and the Plan – by its claims administrator, Cigna – denied Plaintiff's claims for STDI benefits between May 31, 2017 and September 25, 2017.

60. At all times material to this complaint, the STDI provisions of the Plan have remained in full force and effect.

61. At all times material to this complaint, Plaintiff satisfactorily completed all necessary procedures required by the STDI provisions of the Plan to received STDI benefits between May 31, 2017 and September 25, 2017.

62. The Company and the Plan's denial of Plaintiff's STDI benefits was downright unreasonable.

63. For these and other reasons, the Company and the Plan acted in violation of Section 502(a)(1)(B) of ERISA when they – through their claims administrator, Cigna – wrongfully denied Plaintiff's claim for STDI benefits between May 31, 2017 and September 25, 2017.

64. The Company and the Plan's denial of Plaintiffs' claim for STDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIFTH CAUSE OF ACTION: VIOLATION OF ERISA § 502(a)(1)(B) BY CIGNA AS TO PLAINTIFF'S LTDI BENEFITS

65. To the extent that the LTDI provisions of the Plan are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*., as and for a

fifth cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

66. During the course of Plaintiff's employment with the Company, Plaintiff became eligible for certain employee benefits, including STDI and LTDI benefits, provided under the Plan by the Company and administered and paid by Cigna.

67. Between September 26, 2017 and approximately March 30, 2018, Plaintiff was disabled and entitled to LTDI benefits as set forth by the LTDI provisions of the Plan.

68. By denying Plaintiff's claim for STDI benefits under the Plan, Cigna precluded Plaintiff from asserting a claim for LTDI benefits under the Plan.

69. By failing to provide Plaintiff with an opportunity to assert his claim for LTDI benefits under the Plan, Cigna waived its right to require Plaintiff to exhaust any administrative procedures under the LTDI provisions of the Plan.

70. As the claims administrator for the Plan's STDI provisions as well as the claims administrator and insurer for the Plan's LTDI provisions, Cigna acted with an inherent conflict of interest entitling Plaintiff to *de novo* review of his ERISA claims in this matter.

71. At all times between September 26, 2017 and March 30, 2018, the LTDI provisions of the Plan have remained in full force and effect.

72. Cigna wrongfully denied LTDI benefits due to Plaintiff under the LTDI provisions of the Plan.

73. Upon information and belief, Cigna acted inconsistently with the plain language of the LTDI provisions of the Plan in denying Plaintiff the ability to file a claim for LTDI benefits.

74. Cigna's denial of Plaintiff's LTDI benefits was downright unreasonable.

75. For these and other reasons, Cigna acted in violation of Section 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

76. Cigna's denial of Plaintiffs' claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## REQUEST FOR RELIEF

**WHEREFORE** the Plaintiff, Fred Moser, demands judgment for the following:

A. Payment of all retroactive STDI and LTDI benefits owed to Plaintiff;

B. Punitive damages pursuant to Wis. Stat. § 895.043;

D. 12% interest pursuant to Wis. Stat. § 628.46;

E. 50% of his back STDI benefits as civil penalties pursuant to Wis. Stat. § 109.11(2)(a);

E. Reasonable attorney's fees and costs related to the action; and

F. Such other and further relief that the jury and/or Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Moser demands a jury trial on Causes of Action I through III in this matter.

Dated this 30th day of November, 2018.

Respectfully submitted,

**HAWKS QUINDEL, S.C.**
Attorneys for Plaintiff

By: *Timothy P. Maynard*
William E. Parsons
WI State Bar No. 1048594
Timothy P. Maynard
WI State Bar No. 1080953

**MAILING ADDRESSES:**

409 East Main Street
P.O. Box 2155
Madison, WI 53701-2155
Telephone: 608-257-0040
Fax: 608-256-0236
Email(s): wparsons@hq-law.com

222 E. Erie Street, # 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email(s): tmaynard@hq-law.com